# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

GREGORY L. BABB,                                     )
                                                     )
            Plaintiff,                               )
                                                     )
vs.                                                  )      Case No. 07-CV-24-TCK-SAJ
                                                     )
NORMA EAGLETON, et.al.,                              )
                                                     )
            Defendants.                              )
                                                     )
                                                     )
                                                     )
                                                     )
                                                     )

## OPINION & ORDER

Comes on for decision Opposed Motion for Protective Order Against Discovery of
Defendant Charles F. McGowan [Dkt. #44], and the Court, having reviewed the arguments
and authority of counsel, finds the motion shall be granted.

Defendant Charles F. McGowan ("McGowan") seeks a Protective Order staying all
discovery against him pending ruling by the District Court on the pending motion to dismiss.
The motion is based upon McGowan's assertion that he is entitled to judicial immunity
based upon his appointment as a parenting coordinator in the Oklahoma state divorce
action involving Plaintiff, Plaintiff's ex-wife, Jennifer Jones ("Jones"), and the twin minor
sons of Plaintiff and Jones.

At hearing McGowan cited to the United States Supreme Court decision in *Crawford-
El v. Britton*, 523 U.S. 574 (1998) as cited by the Tenth Circuit in *Moore v. Busby,* 92 Fed.
Appx. 699 (10th Cir. 2004),  in support of his position.   McGowan also directed the Court's

1

attention to the underlying Opinion entered in *Moore* by fellow  Northern District of Oklahoma Magistrate Judge Frank McCarthy under which discovery was  stayed.  *Moore v. Busby,* Case No. 02-CV-300, Dkt. # 47. The Court finds none of the cases cited are directly on point. However, they are instructive as to when the Court should exercise its discretion and order a stay of discovery.

*Crawford-El* addressed the issue of qualified, as opposed to judicial, immunity in an action brought to redress claims of constitutional violations by prison officials.  The Supreme Court held that the district court did not abuse its discretion by staying discovery until the threshold question of qualified immunity had been decided.  The decision follows a long line of case law addressing how best to balance the right to seek redress for legitimate constitutional violations by public officials  with  the need to minimize interference with the duties of public officials.

In *Moore*,  *pro se* plaintiffs sued an Oklahoma State District Judge who had presided over  a quiet title action and subsequent eviction proceeding involving real property seized and sold at public auction for nonpayment of federal taxes. Plaintiffs alleged the judge conspired with other defendants to deprive them of their constitutional rights.  Judge McCarthy stayed discovery pursuant to Fed.R.Civ.P. 26(c).  The Honorable Thomas R. Brett shortly thereafter granted a motion for summary judgment[1] primarily based upon a finding of judicial immunity, which was affirmed by the Tenth Circuit.

Plaintiff asserts *Moore* is inapplicable because, as a parenting coordinator,

---

[1] Dkt. # 51. Judge Brett also determined the statute of limitations had run. The case was reassigned to Judge Claire V. Eagan upon Judge Brett's retirement.

McGowan would only be entitled to the qualified immunity. The Court has insufficient information regarding the position of parenting coordinator to determine if it falls under the umbrella of absolute judicial immunity or that of qualified immunity. Plaintiff did not dispute the representation by McGowan's counsel that a parenting coordinator is a court appointed position at hearing.   The Court has discretion to stay or otherwise manage discovery under either qualified or judicial immunity.

Plaintiff alleges McGowan's possession of audio and/or transcripts of wiretapped conversation is established by the Answers filed by other named Defendants. [2]   Plaintiff urges this establishes McGowan was participating in illegal acts, thus removing him from the protection of qualified immunity.

When questioned by the Court at hearing, Plaintiff did not recall the exact allegations made against McGowan but urged that discovery is necessary to determine whether McGowan exceeded the scope of his authority. McGowan retorts that the motion to dismiss requires the Court to view the allegations of the complaint as true. Therefore any discovery is unnecessary as to those issues.

The Court has reviewed the allegations of the Complaint against McGowan. Plaintiff alleges that McGowan "knew or should have known the source and the manner of acquisition of" certain audio and/or transcripts of wiretapped conversations and "utilized and disclosed the contents of the intercepted communications". Further, the Complaint alleges McGowan "disseminated and used the intercepted communications by referencing them

---

[2] Plaintiff is not precluded from pursuing discovery as to other named parties and/or non-parties to determine what interaction, contact and/or knowledge they have as to  McGowan's role in this scenario.

and their contents in correspondence to the attorneys for the parties and the parties, themselves."

The Court notes no other party has made claims against McGowan nor has he made any counterclaims or cross-claims. Should the District Court grant the motion to dismiss, the claims against McGowan will be resolved. There are motions to dismiss filed by other defendants, none of whom have sought a stay of discovery although at hearing other parties indicated objections had been raised as to discovery requests directed toward them. The Court concludes a stay of discovery is appropriate in this case as to McGowan until the issue of immunity is resolved by the District Court.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Opposed Motion for Protective Order Against Discovery of Defendant Charles F. McGowan [Dkt. #44], is granted. Discovery is stayed as to Defendant McGowan until ruling by the District Court on the issue of immunity.

DATED THIS 9th DAY OF AUGUST.

Sam A. Joyner
United States Magistrate Judge